**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Eric C. Deters,

        Plaintiff,

        v.

Scott Drexel,[1] *et al.*,

        Defendants.

Case No. 1:19cv562

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon the Motion to Dismiss filed by Defendants Ohio Disciplinary Counsel Scott Drexel, Chief Assistant Disciplinary Counsel Joseph M. Caligiuri, and Members of the Board on the Unauthorized Practice of Law ("UPL Board"), Richard L. Creighton, Jr., Kent C. Kiffner, Jamar T. King, Paul T. Kirner, David Kutik, Amy Lewis, Edward T. Mohler, Jan A. Saurman, Wednesday G. Shipp, James S. Simon, David Tom, David E. Tschantz, and Alfred P. Vargas. (Doc. 10). Plaintiff filed a Response in Opposition (Doc. 18) and Defendants filed Reply (Doc. 19).

Thereafter, Plaintiff filed a Motion for Temporary Restraining Order. (Doc. 20). On December 20, 2019, the Court held an informal hearing regarding Plaintiff's Motion pursuant to S.D. Ohio Civ. R. 65.1. During the hearing, the parties agreed that the Court should rule on Defendants' Motion to Dismiss before addressing Plaintiff's Motion for Temporary Restraining Order.

---

[1]Defendants have informed the Court that former Disciplinary Counsel Scott Drexel passed away on October 16, 2019. Joseph Caligiuri is the successor to the office of Disciplinary Counsel and is substituted as a party.

## I. BACKGROUND

Plaintiff Eric C. Deters brings constitutional claims pursuant to 42 U.S.C. § 1983. Plaintiff is a former attorney associated with the Deters Law Firm.  The Deters Law Firm represents a large number of plaintiffs in claims brought against Abubakar Atiq Durrani, M.D., his former medical practice group and several hospitals ("Durrani litigation"). Plaintiff believes that Ohio Supreme Court Chief Justice Maureen O'Connor is seeking to deny justice to the plaintiffs in the Durrani litigation.  As a result, the Deters Law Firm has filed four federal lawsuits against Chief Justice O'Connor and other members of the state judiciary.  Plaintiff claims that Defendants have commenced unauthorized-practice-of-law proceedings against him in retaliation for filing these lawsuits.  Plaintiff seeks declaratory and injunctive relief in order to enjoin the prosecution of unauthorized-practice-of-law proceedings.

Defendants move to dismiss Plaintiffs' claims based upon failure to state a claim. Defendants maintain that this Court should abstain from reviewing this case pursuant to the doctrine of abstention set forth in *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

## II. ANALYSIS

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  Federal

Rule of Civil Procedure 8 provides that all pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although particular detail is not generally necessary, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## B. *Younger* abstention doctrine

As the Sixth Circuit has explained: "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). The Supreme Court has extended the doctrine to ongoing administrative proceedings such as attorney disciplinary proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434-35, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Therefore, this case falls into one of the three "exceptional" categories identified by the Supreme Court in *New Orleans Public Service, Inc. v. Council of New Orleans ("NOPSI")*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) in which abstention under *Younger* may be required. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 134 S. Ct. 584, 591, 187 L. Ed. 2d 505 (2013).

The Sixth Circuit has instructed that once a court determines that a case falls into a *NOPSI* category, the court should then determine whether *Younger* abstention is proper using the following three-factor test: If "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims," a court may abstain from hearing the federal claim. *Aaron v. O'Connor*, 914 F.3d 1010, 1018 (6th Cir. 2019) (quoting *Doe*, 860 F.3d at 369).

Plaintiff argues that the third factor has not been met. Under this factor, Plaintiff bears the burden of showing 'that the state procedural law barred presentation of its claims.'" *Id.* (quoting *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 14, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987)). Plaintiff has not met that burden here. Plaintiff argues that he cannot be given fair and impartial hearings due to the lack of neutral decision makers. However, the question is whether Plaintiff will have an adequate opportunity to raise his constitutional claims. *See Chamber of Commerce of U.S. v. Ohio Elections Comm'n*, 135 F. Supp. 2d 857, 865 (S.D. Ohio 2001). As the Sixth Circuit has noted:

> The final report of the UPL Board is subject to review by the Ohio Supreme Court. *See* Gov. Bar. R. VII, § 19(a). Nothing in Gov. Bar R. VII prohibits a party from raising constitutional claims during the Ohio Supreme Court's review of the UPL Board's final report. Absent evidence to the contrary, there is no reason to presume that the Ohio Supreme Court would not entertain [the plaintiff's] due process claim during its review of the UPL Board's findings.

*Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 335 (6th Cir. 2007). Therefore, the Court concludes that the state proceedings provide Plaintiff with an adequate opportunity to raise his constitutional arguments. Accordingly, *Younger* abstention applies.

Plaintiff maintains that even if *Younger* abstention applies, one of the exceptions to the *Younger* doctrine applies: bad faith and harassment. *See Doe v. Univ. of Kentucky*, 860 F.3d at 371 (citing *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996)). Plaintiff explains that while bar complaints asserted against the defense attorneys in the Durrani litigation are stayed due to the pendency of the litigation, the complaints against Plaintiff are not stayed. Plaintiff also claims that Chief Justice O'Conner has been known to inject herself into evidentiary proceedings and discuss them with the fact finder.

"While bias is an exception to *Younger* abstention, it is an extraordinary one, and the petitioner alleging such must offer 'actual evidence to overcome the presumption of honesty and integrity in those serving as adjudicators.'" *Danner v. Bd. of Prof'l Responsibility of Tennessee Supreme Court*, 277 F. App'x 575, 580 (6th Cir. 2008) (quoting *Canatella v. California*, 404 F.3d 1106, 1112 (9th Cir. 2005)). Similarly, as one district court has explained: "*Younger* 'requires more than a mere allegation and more than a 'conclusory' finding to bring a case within the harassment exception. It appears that such a finding must be supported by specific evidence from which it can be inferred that state officials have been enforcing the statute against the plaintiffs in bad faith and for purposes of harassment.'" *Clark v. Adams*, No. CV 06-37-KSF, 2007 WL 9736205, at *6 (E.D. Ky. Mar. 29, 2007) (quoting *Grandco Corp. v. Rochford*, 536 F.2d 197, 203 (7th Cir. 1976)); *see also Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (explaining that "it is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."). Finally, claims of selective prosecution are generally insufficient to show bad faith or harassment. *See Fieger v. Thomas*, 74 F.3d 740, 742 (6th Cir. 1996) (noting that "a claim of a violation of

the Equal Protection Clause based upon selective enforcement 'is the usual last resort of constitutional arguments.'") (quoting *Buck v. Bell*, 274 U.S. 200, 208 (1927)); *see also Pincham v. Illinois Judicial Inquiry Bd.*, 872 F.2d 1341, 1349-350 (7th Cir.1989) (concluding that state court judge failed to support claim of selective enforcement with specific allegations that disciplinary proceedings were knowingly being used for the purpose of discouraging the exercise of protected rights).

Plaintiff alleges that Chief Justice O'Connor has a bias against Plaintiff. The Court acknowledges that the Ohio Supreme Court has jurisdiction over the practice of law, including regulating the unauthorized practice of law. *See American Family Prepaid Legal v. Columbus Bar Ass'n*, 498 F.3d 328, 333 (6th Cir. 2007). Specifically, the Ohio Supreme Court appoints the members of the Board of Commissioners on UPL Board and "the UPL Board serves as an arm of the Ohio Supreme Court." *Id.* However, Plaintiff has not alleged that the members of the Board themselves are biased against him. As one court has explained, "claims of general institutional bias must be harnessed to a further showing, such as a potential conflict of interest, or a pecuniary stake in the outcome of the litigation." *Johnson v. Bd. of Bar Overseers of Mass.*, 324 F. Supp. 2d 276, 284 (D. Mass. 2004). In addition, while Plaintiff alleges that Chief Justice O'Connor has injected herself into other proceedings, there is no allegation that she has done so in the unauthorized-practice-of-law proceedings against Plaintiff.

Moreover, Plaintiffs have failed to show a pattern of bad faith prosecution and harassment. As this Court has noted, cases where bad-faith prosecution of an individual may serve as a proper exception to the *Younger* abstention doctrine "are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to

avail himself first of state appellate processes before seeking relief in federal court."

*Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010). This Court

has cited two examples where this exception applied: "a Texas city police investigation in

which officers repeatedly engaged in searches and seizures which they knew to be

unlawful and beyond the scope of statutory authority, and a Southern District of Ohio case

in which the county prosecutors had filed twelve separate actions against the federal

plaintiffs in order to harass the plaintiffs and drain them of all of their financial resources."

*Id.* at 973-74 (citing *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82 (5th Cir.1992); *Video

Store, Inc. v. Holcomb*, 729 F.Supp. 579, 580 (S.D.Ohio 1990)). As another example of

this harassment exception, the Sixth Circuit has cited a case discussed in *Younger*:

*Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). *Doe v. Univ.

of Kentucky*, 860 F.3d at 371. That case involved repeated threats by prosecutors which

were designed to discourage individuals from asserting their constitutional rights. *Id.*

(citing *Younger*, 401 U.S. at 48). Those types of repeated threats, or other similar actions,

are not alleged here. Therefore, the Court concludes *Younger* abstention is warranted in

this case. Because Plaintiff is only seeking equitable relief and is not seeking money

damages, dismissal of these proceedings is proper. *See Quackenbush v. Allstate Ins.

Co.*, 517 U.S. 706, 731, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) ("[F]ederal courts have the

power to dismiss or remand cases based on abstention principles only where the relief

being sought is equitable or otherwise discretionary.").

### III. CONCLUSION

Based on the foregoing, Motion to Dismiss filed by Defendants (Doc. 10) is

**GRANTED** pursuant to *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669

(1971); and Plaintiff's Motion for Temporary Restraining Order (Doc. 20) is **DENIED as MOOT**.  This matter is **DISMISSED WITHOUT PREJUDICE** and **CLOSED** on the Court's active docket.

       **IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
JUDGE MICHAEL R. BARRETT
